## SUPREME COURT—GENERAL TERM.

MARCH, 1852.

### KETTLETAS v. MAYBEE.

Where a defendant is sued as an assignee of a lease and he denies by his answer only the execution of the lease and the assignment to him, to entitle the plaintiff to recover he need only prove the execution of the lease and assignment.

The only defense the defendant can set up under such an answer is the non-execution of the lease and assignment.

The defendant cannot under such an answer set up the defense that before the commencement of the action he had parted with all his interest in the lease and assignment.

*Edmonds, P. J.:* This was an action on a covenant against the assignee of a lessee for one quarter's rent becoming due on the first of May, 1849.

The defendant answered, denying the execution of the original lease, and denying an assignment to him.

On the trial he offered to prove that before the rent became due, to wit: on the sixth April, 1849, he assigned all his interest to a third person, who entered into possession, and was in possession when the rent became due. The evidence was excluded, and the only question in the case which we consider on this appeal is whether this evidence was properly excluded.

It seems to me that it was. In covenant there never was any general issue, and now there is none in any action, but all defenses must be specially pleaded.

The mere denial that a lease was ever executed, or that it was ever assigned, does not in any manner imply the defense attempted to be set up by the evidence offered, nor would a party go down to trial on such a state of pleading with any idea that he would be called upon to do more than prove that a lease had been made and assigned to the defendant, and least of all things would he expect to be called upon to meet

a defense that might allow all that to be true, and yet a liability be avoided by means of another assignment.

Such further assignment is an affirmative, independent fact in no wise connected with the defense set up by the pleading, and to allow it to be proved without being pleaded would make pleading a trap to the unwary rather than a true statement of the cause of action or matter of defense.

Upon principle, upon the old rules of pleading in the action of covenant, and upon the enactments of the Code, the defense offered ought to have been pleaded, and not having been pleaded the evidence was inadmissible.

Judgment must be affirmed with costs.